Filed 6/16/22  P. v. Johnson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C094811 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF2100437) |
| v. | |
| GARY SCOTT JOHNSON, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Gary Scott Johnson has asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Our review of the record reveals that although defendant's plea agreement provided for dismissal of the charges other than one to which he pleaded no contest, the trial court failed to affirmatively dismiss those charges following defendant's no contest plea and sentencing.  We will amend the judgment to address this failure.  Finding no other arguable error that would result in a disposition more favorable to defendant, we affirm the judgment as modified.

BACKGROUND

1

In late summer, early fall of 2020, defendant and his victim were at home.[1] The victim was 12 years old. After drinking alcohol to intoxication, defendant told the victim it was "bedtime," then followed her into her bedroom. When she laid down on the bed, defendant removed the victim's underwear, grabbed her breast, licked her vagina, and put his fingers inside her vagina.

After that initial assault, defendant grabbed his victim's bare breasts on multiple occasions, until February 21, 2021, when the victim confronted defendant about the conduct in front of her mother, and victim's mother then reported defendant to law enforcement. Following an investigation, defendant was arrested and charged with continuous sexual abuse of a child (Pen. Code, § 288.5, subd. (a)), forcible oral copulation with a minor under the age of 14 (§ 287, subd. (c)(2)(B)), and sexual penetration by a foreign object of a minor under the age of 14 (§ 289, subd. (a)(1)(B)).

On May 7, 2021, defendant pleaded no contest to continuous sexual abuse of a child (§ 288.5, subd. (a)). In exchange for defendant's plea, the People agreed to dismiss the remaining charges, and the parties agreed defendant would be sentenced to no more than the low term of six years in state prison. The parties stipulated the "pretrial release report . . . prepared by the Probation Department" provided the factual basis for the conviction; the court accepted their stipulation. The court subsequently sentenced defendant to the low term of six years in state prison, imposed various fines and fees, and awarded defendant 217 days of custody credit.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the relevant procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.

---

[1] Pursuant to California Rules of Court, rule 8.90, governing "Privacy in opinions," we refer to the victim and her mother without their names or initials.

2

(*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days from the date the opening brief was filed, but to date, has not done so.

Having undertaken an examination of the entire record pursuant to *Wende*, we note the trial court's failure to affirmatively dismiss the balance of the charges, even though the dismissal of these items is reflected in the sentencing minute order. We will modify the judgment to reflect the dismissal of these items and affirm the judgment as modified.

## DISPOSITION

The judgment is modified to reflect dismissal of counts II and III. The judgment is affirmed as modified.

_____/s/_____
EARL, J.

We concur:

_____/s/_____
ROBIE, Acting P. J.

_____/s/_____
HOCH, J.